UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GENERAL PACKAGING CORPORATION | § § § | |
| *Plaintiff*, | § § | |
| v. | § | CIVIL ACTION NO. 3:14-CV-02818-P |
| HOMELAND INSURANCE COMPANY OF NEW YORK, ONEBEACON INSURANCE GROUP, LLC, ONEBEACON INSURANCE COMPANY, ONEBEACON AMERICAN INSURANCE COMPANY, TRADERS & GENERAL INSURANCE COMPANY, ELGIN B. ALLEN, JR., AIM ASSOCIATION INSURANCE MANAGEMENT, INC., AIM BENEFIT SERVICES INC., LEONARDO HERNANDEZ, AND TEXCAP-CONCORD INSURANCE SERVICES, L.P. | § § § § § § § § § § § § § § § § | |
| *Defendants*. | | |

## DEFENDANTS HOMELAND INSURANCE COMPANY OF NEW YORK, ONEBEACON INSURANCE GROUP, LLC, ONEBEACON INSURANCE COMPANY, ONEBEACON AMERICA INSURANCE COMPANY, AND TRADERS & GENERAL INSURANCE COMPANY'S FIRST AMENDED ANSWER AND AFFIRMATIVE AVERMENTS AND DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT

Defendants Homeland Insurance Company of New York ("Homeland"), OneBeacon Insurance Group, LLC ("OIG"), OneBeacon Insurance Company ("OIC"), OneBeacon America Insurance Company ("OAIC")[1], and Traders & General Insurance Company ("Traders") (collectively, "Defendants") file this their First Amended Answer and Affirmative Defenses

---

[1] OAIC was incorrectly named as OneBeacon American Insurance Company in Plaintiff's Original Amended Complaint.

DEFENDANTS HOMELAND INSURANCE COMPANY OF NEW YORK, ONEBEACON INSURANCE GROUP, LLC, ONEBEACON INSURANCE COMPANY, ONEBEACON AMERICA INSURANCE COMPANY, AND TRADERS & GENERAL INSURANCE COMPANY'S FIRST AMENDED ANSWER AND AFFIRMATIVE AVERMENTS AND DEFENDANTS TO PLAINTIFF'S AMENDED COMPLAINT

Page 1 of 23

("Answer") to Plaintiff General Packaging Corporation's ("Plaintiff") Amended Complaint ("Amended Complaint") [ECF No. 7].

## A.
## ANSWER

### I.    PARTIES

1.    Paragraph 1 of the Amended Complaint does not require Defendants to admit or deny the allegations therein. To the extent a response is required, Defendants deny the allegations set forth in Paragraph 1.

2.    Upon information and belief, Defendants admit the allegations in Paragraph 2 of the Amended Complaint.

3.    Defendants admit that Homeland is a New York corporation and that it is a surplus lines insurance company engaged in the insurance business in Texas. Defendants admit that Homeland has previously filed an answer in this lawsuit.

4.    Defendants admit that OIG is a Delaware Corporation with its principal place of business in Minnesota. Defendants admit that Homeland is engaged in the insurance business in the State of Texas. Defendants admit that OIG has previously filed an answer in this lawsuit. Defendants deny the remaining allegations found in the second sentence of Paragraph 4 of the Amended Complaint.

5.    Defendants admit that OIC is a Pennsylvania Corporation with its principal place of business in Minnesota. Defendants admit that OIC is a property and casualty insurance company engaged in the insurance business in the in the State of Texas. Defendants admit that OIC has previously filed an answer in this lawsuit. Defendants deny the remaining factual allegations found in the second sentence of Paragraph 5 of the Amended Complaint.

6.      Defendants admit that OAIC was incorporated in Massachusetts at the time of filing of the Amended Complaint. OAIC affirmatively avers that it is currently incorporated in Pennsylvania and its principal place of business is in Minnesota. Defendants admit that OAIC has previously filed an answer in this lawsuit. Defendants deny the remaining allegations found in Paragraph 6.

7.      Defendants admit that Traders has previously filed an answer in this lawsuit. Defendants deny the remaining allegations in Paragraph 7 of the Amended Complaint.

8.      Defendants admit that Elgin B. Allen, Jr. ("Allen") has previously filed an answer in this lawsuit. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 8 of the Amended Complaint, and therefore deny the same.

9.      Defendants admit that Association Insurance Management, Inc. ("AIM") has previously filed an answer in this lawsuit. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 9 of the Amended Complaint, and therefore deny the same.

10.      Defendants admit that AIM Benefit Services, Inc.  ("AIM Benefit") has previously filed an answer in this lawsuit. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 10 of the Amended Complaint, and therefore deny the same.

11.      Defendants admit that Leonardo Hernandez ("Hernandez") has previously filed an answer in this lawsuit. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 11 of the Amended Complaint, and therefore deny the same.

12.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 12 of the Amended Complaint, and therefore deny the same.

## II.     JURISDICTION AND VENUE

13.     Paragraph 13 of the Amended Complaint does not require Defendants to admit or deny the allegations therein. To the extent a response is required, Defendants deny the allegations set forth in Paragraph 13.

14.     Defendants admit this Court has personal jurisdiction over Homeland, OIC, and OIG. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 14 of the Amended Complaint, and therefore deny the same.

15.     Defendants admit that venue for this action is proper the United States District Court for the Northern District of Texas for the reasons stated in Homeland's Notice of Removal filed on August 6, 2014.

## III.     FACTS

16.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 16 of the Amended Complaint, and therefore deny the same.

17.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 17 of the Amended Complaint, and therefore deny the same.

18.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 18 of the Amended Complaint, and therefore deny the same.

19.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 19 of the Amended Complaint, and therefore deny the same.

20.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 20 of the Amended Complaint, and therefore deny the same.

DEFENDANTS HOMELAND INSURANCE COMPANY OF NEW YORK, ONEBEACON INSURANCE GROUP, LLC, ONEBEACON INSURANCE COMPANY, ONEBEACON AMERICA INSURANCE COMPANY, AND TRADERS & GENERAL INSURANCE COMPANY'S FIRST AMENDED ANSWER AND AFFIRMATIVE AVERMENTS AND DEFENDANTS TO PLAINTIFF'S AMENDED COMPLAINT

Page 4 of 23

21.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 21 of the Amended Complaint, and therefore deny the same.

22.     Defendants admit that Homeland is a surplus insurance company and that Elgin B. Allen, Jr. ("Allen") acted as the surplus lines agent.  Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 22 of the Amended Complaint, and therefore deny the same.

23.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 23 of the Amended Complaint, and therefore deny the same.

24.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 24 of the Amended Complaint, and therefore deny the same.

25.     Defendants admit Homeland issued Texas Occupational Injury/Employer's Liability Policy number TNS-AY00287 (the "Policy") to Plaintiff and that Policy is attached to the Amended Complaint as Exhibit A as well as Homeland's Notice of Removal as Exhibit B-1. Defendants admit that Allen, a licensed Texas surplus lines agent,  placed the Policy with Homeland.  Defendants deny the remaining allegations found in Paragraph 25 of the Amended Complaint.

26.     Defendants deny the allegations in Paragraph 26 of the Amended Complaint.

27.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 27 of the Amended Complaint.

28.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 28 of the Amended Complaint, and therefore deny the same.

29.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 29 of the Amended Complaint, and therefore deny the same.

30.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 30 of the Amended Complaint, and therefore deny the same.

31.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 31 of the Amended Complaint, and therefore deny the same.

32.     Defendants deny that Paragraph 32 of the Amended Complaint completely and accurately quotes the Policy. Defendants deny Plaintiff's characterization of the quoted portions of the Declarations to the extent Plaintiff suggests that other portions of the Declarations are not "relevant."

33.     Defendants admit that Paragraph 33 of the Amended Complaint accurately quotes portions of the first page of the Policy. Defendants deny Plaintiff's characterization of the quoted portions of the first page of the Policy to the extent Plaintiff suggests that other portions of page one of the Policy are not "relevant."

34.     Defendants admit that Paragraph 34 of the Amended Complaint accurately quotes portions of the "Agreement" section of the Policy on page 3.

35.     Defendants admit that Paragraph 35 of the Amended Complaint accurately quotes certain "Definitions" contained in the Policy with the exception of the definition of the terms "Disabled or Disability or Total Disability or Totally Disabled." Defendants deny Plaintiff's characterization of the quoted definitions to the extent Plaintiff suggests that other definitions are not "relevant." Defendants deny the remaining allegations in Paragraph 35.

36.     Defendants admit that Plaintiff is the "Named Insured" in the Policy and Declarations.

37.     Defendants admit that Section II.A of the Policy generally provides coverage for accidental death and dismemberment and affirmatively aver that the exact terms of such coverage

**DEFENDANTS HOMELAND INSURANCE COMPANY OF NEW YORK, ONEBEACON INSURANCE GROUP, LLC, ONEBEACON INSURANCE COMPANY, ONEBEACON AMERICA INSURANCE COMPANY, AND TRADERS & GENERAL INSURANCE COMPANY'S FIRST AMENDED ANSWER AND AFFIRMATIVE AVERMENTS AND DEFENDANTS TO PLAINTIFF'S AMENDED COMPLAINT**

**Page 6 of 23**

are stated in the Policy which speaks for itself. Defendants deny that the remainder of Paragraph 37 of the Amended Complaint accurately quotes portions of Section II.B of the Policy.

38.     Defendants deny that Paragraph 38 of the Amended Complaint accurately quotes portions of Section II.C of the Policy.

39.     Defendants deny that Paragraph 39 of the Amended Complaint accurately quotes portions of Section II.D of the Policy.

40.     Defendants admit that Paragraph 40 of the Amended Complaint accurately quotes portions of Section VI of the Policy.

41.     Defendants admit that Paragraph 41 of the Amended Complaint accurately quotes portions of Section VII of the Policy.

42.     Defendants admit that Paragraph 42 of the Amended Complaint accurately quotes portions of Section VIII of the Policy. Defendants deny Plaintiff's characterization of the quoted provisions to the extent Plaintiff suggests that other portions of Section VIII are not "relevant."

43.     Defendants admit that a lawsuit was filed against Plaintiff styled as *Leonardo Hernandez Garcia v. General Packaging Corporation*, D.C. 13-13137-D ("Underlying Lawsuit") and that a copy of the Petition filed in the Underlying Lawsuit is attached as Exhibit B to the Amended Complaint.  Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 43 of the Amended Complaint, and therefore deny the same.

44.     Defendants deny the allegations set forth in the first sentence of the Paragraph 44 of the Amended Complaint. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 44, and therefore deny the same.

45.     Defendants admit that Homeland received notice regarding a workplace accident (the "Accident") allegedly involving a Leonardo Hernandez ("Hernandez"). Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 45 of the Amended Complaint, and therefore deny the same.

46.     Upon information and belief, Defendants admit that Exhibit C to the Amended Complaint is a copy of a letter dated September 3, 2013, from AIM Benefit to Hernandez. Defendants aver that the letter speaks for itself.  Defendants deny any remaining allegations in Paragraph 46 of the Amended Complaint.

47.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 47 of the Amended Complaint, and therefore deny the same.

48.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 48 of the Amended Complaint, and therefore deny the same.

49.     Upon information and belief, Defendants admit that the Underlying Lawsuit is styled *Leonardo Hernandez Garcia v. General Packaging Corporation*, D.C. 13-13137-D and is pending in Dallas County District Court, 95th Judicial District.  Defendants admit that Homeland received notice of the existence of the Underlying Lawsuit.  Defendants deny the remaining allegations in Paragraph 49 of the Amended Complaint.

50.     Defendants admit the allegations found in Paragraph 50 of the Amended Complaint.

51.     Defendants admit that Homeland received a letter dated February 13, 2014 from Plaintiff, a copy of which is attached as Exhibit D to the Amended Complaint.  Defendants aver that the letter speaks for itself.  The remaining allegations in Paragraph 51 of the Amended Complaint do not require Defendants to admit or deny the allegations therein. To the extent a response is required, Defendants deny the remaining allegations set forth in Paragraph 51.

52.     Defendants admit Exhibit E to the Amended Complaint is a copy of a letter dated March 24, 2014. Defendants aver that the letter speaks for itself.  Defendants deny the remaining allegations set forth in Paragraph 52 of the Amended Complaint.

53.     Defendants deny the allegations set forth in Paragraph 53 of the Amended Complaint.

54.     Defendants admit that Exhibit F to the Amended Complaint is a copy of a letter dated March 24, 2014.  Defendants aver that the letter speaks for itself.  Defendants deny the remaining allegations set forth in Paragraph 54 of the Amended Complaint.

55.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the first sentence of Paragraph 55 of the Amended Complaint, and therefore deny the same. Defendants deny the remaining allegations set forth in Paragraph 55.

## IV.   COUNTS PERTAINING TO HOMELAND INSURANCE COMPANY OF NEW YORK, ONEBEACON INSURANCE GROUP, ONEBEACON INSURANCE COMPANY, ONEBEACON AMERICA[] INSURANCE GROUP, TRADERS & GENERAL INSURANCE COMPANY, TEXCAP-CONCORD INSURANCE SERVICES ("TEXCAP"), LP, ELGIN ALLEN, JR., AND AIM ASSOCIATION INSURANCE MANAGEMENT

### A.    COUNT 1: UNAUTHORIZED INSURANCE

56.     Paragraph 56 of the Amended Complaint does not contain any allegations and, therefore, does not require a response. To the extent a response is required, Defendants deny the allegations set forth in Paragraph 56.

57.     Paragraph 57 of the Amended Complaint contains legal conclusions and, therefore, does not require a response. To the extent a response is required, Defendants deny the allegations set forth in Paragraph 57.

58.     Defendants admit that Allen was the licensed surplus agent that placed the Policy with Homeland. Defendants deny the remaining allegations set forth in Paragraph 58 of the Amended Complaint.

59.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 59 of the Amended Complaint, and therefore deny the same.

60.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 60 of the Amended Complaint, and therefore deny the same.

61.     Defendants deny the allegations set forth in Paragraph 61 of the Amended Complaint.

62.     Defendants admit that the Amended Complaint accurately quotes Texas Insurance Code Section 101.201(a). Defendants deny the remaining allegations set forth in Paragraph 62 of the Amended Complaint.

63.     Defendants deny the allegations set forth in Paragraph 63 of the Amended Complaint.

64.     Defendants admit that the Amended Complaint accurately quotes Texas Insurance Code Section 101.201(b), adding emphasis. Defendants deny the remaining allegations set forth in Paragraph 64 of the Amended Complaint.

65.     Paragraph 65 of the Amended Complaint contains legal conclusions and, therefore, does not require a response. To the extent a response is required, Defendants deny the allegations set forth in Paragraph 65.

66.     Paragraph 66 of the Amended Complaint contains legal conclusions and, therefore, does not require a response. To the extent a response is required, Defendants deny the allegations set forth in Paragraph 66.

DEFENDANTS HOMELAND INSURANCE COMPANY OF NEW YORK, ONEBEACON INSURANCE GROUP, LLC, ONEBEACON INSURANCE COMPANY, ONEBEACON AMERICA INSURANCE COMPANY, AND TRADERS & GENERAL INSURANCE COMPANY'S FIRST AMENDED ANSWER AND AFFIRMATIVE AVERMENTS AND DEFENDANTS TO PLAINTIFF'S AMENDED COMPLAINT

67.     Paragraph 67 of the Amended Complaint contains legal conclusions and, therefore, does not require a response. To the extent a response is required, Defendants deny the allegations set forth in Paragraph 67.

68.     Paragraph 68 of the Amended Complaint contains legal conclusions and, therefore, does not require a response. To the extent a response is required, Defendants deny the allegations set forth in Paragraph 68.

69.     Paragraph 69 of the Amended Complaint contains legal conclusions and, therefore, does not require a response. To the extent a response is required, Defendants deny the allegations set forth in Paragraph 69.

70.     Paragraph 70 of the Amended Complaint contains legal conclusions and, therefore, does not require a response. To the extent a response is required, Defendants deny the allegations set forth in Paragraph 70.

71.     Paragraph 71 of the Amended Complaint contains legal conclusions and, therefore, does not require a response. To the extent a response is required, Defendants deny the allegations set forth in Paragraph 71.

72.     Defendants deny the allegations set forth in Paragraph 72 of the Amended Complaint.

**B.      *COUNT 2: VIOLATIONS OF CHAPTER 981 OF THE INSURANCE CODE TEXAS SURPLUS LINES PROVISIONS***

73.     Paragraph 73 of the Amended Complaint does not contain any allegations and, therefore, does not require a response. To the extent a response is required, Defendants deny the allegations set forth in Paragraph 73.

74.     Defendants deny the allegations set forth in Paragraph 74 of the Amended Complaint as they pertain to Homeland, OIG, OIC, OAIC, and Traders. Defendants lack information sufficient

**DEFENDANTS HOMELAND INSURANCE COMPANY OF NEW YORK, ONEBEACON INSURANCE GROUP, LLC, ONEBEACON INSURANCE COMPANY, ONEBEACON AMERICA INSURANCE COMPANY, AND TRADERS & GENERAL INSURANCE COMPANY'S FIRST AMENDED ANSWER AND AFFIRMATIVE AVERMENTS AND DEFENDANTS TO PLAINTIFF'S AMENDED COMPLAINT**
**Page 11 of 23**

to form a belief about the allegations in Paragraph 74 regarding Allen, AIM, and TexCap and therefore deny same.

75.     Defendants deny the allegations set forth in Paragraph 75 of the Amended Complaint.

76.     Defendants deny the allegations set forth in Paragraph 76 of the Amended Complaint.

**C.     COUNT 3: CONSPIRACY TO VIOLATE PROVISIONS OF THE VIOLATION OF TEXAS SURPLUS LINES STATUTE**

77.     Paragraph 77 of the Amended Complaint does not contain any allegations and, therefore, does not require a response. To the extent a response is required, Defendants deny the allegations set forth in Paragraph 77.

78.     Defendants admit that Lori Cernera sent a letter to Allen dated December 17, 2007. Defendants aver that this letter speaks for itself. Defendants further admit that that Ms. Cernera is currently the President of OAG. Defendants deny the remaining allegations found in Paragraph 78 of the Amended Complaint.

79.     Defendants deny the allegations set forth in Paragraph 79 of the Amended Complaint.

**V.     COUNTS PERTAINING TO HOMELAND**

**A.     COUNT 4: BREACH OF CONTRACT**

80.     Paragraph 80 of the Amended Complaint does not contain any allegations and, therefore, does not require a response. To the extent a response is required, Defendants deny the allegations set forth in Paragraph 80.

81.     Defendants admit that Homeland issued the Policy to Plaintiff. Defendants deny the remaining allegations set forth in Paragraph 81 of the Amended Complaint.

82.     Defendants deny the allegations set forth in Paragraph 82 of the Amended Complaint.

83.     Defendants deny the allegations set forth in Paragraph 83 of the Amended Complaint.

**DEFENDANTS HOMELAND INSURANCE COMPANY OF NEW YORK, ONEBEACON INSURANCE GROUP, LLC, ONEBEACON INSURANCE COMPANY, ONEBEACON AMERICA INSURANCE COMPANY, AND TRADERS & GENERAL INSURANCE COMPANY'S FIRST AMENDED ANSWER AND AFFIRMATIVE AVERMENTS AND DEFENDANTS TO PLAINTIFF'S AMENDED COMPLAINT**
**Page 12 of 23**

**B.    COUNT 5: DECLARATORY JUDGMENT**

84.    Paragraph 84 of the Amended Complaint does not contain any allegations and, therefore, does not require a response. To the extent a response is required, Defendants deny the allegations set forth in Paragraph 84.

85.    Paragraph 85 of the Amended Complaint does not require Defendants to admit or deny the allegations therein. To the extent a response is required, Defendants deny the allegations set forth in Paragraph 85.

86.    Defendants admit that Paragraph 86 of the Amended Complaint accurately quotes a portion of Section 406.092(a) of the Texas Labor Code. Defendants further admit that Paragraph 86 accurately quotes a portion of Section 401.011(4) of the Texas Labor Code. Defendants deny the remaining allegations set forth in Paragraph 86.

87.    Defendants admit that Paragraph 87 of the Amended Complaint accurately quotes portions of Section VIII of the Policy.

88.    Defendants deny the allegations set forth Paragraph 88 of the Amended Complaint.

89.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 89 of the Amended Complaint, and therefore deny the same.

90.    Defendants deny the allegations set forth in Paragraph 90 of the Amended Complaint.

91.    Defendants deny that Plaintiff is entitled to a judicial declaration as alleged in Paragraph 91 of the Amended Complaint.

**C.    COUNT 6: BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING**

92.    Paragraph 92 of the Amended Complaint does not contain any allegations and, therefore, does not require a response. To the extent a response is required, Defendants deny the allegations set forth in Paragraph 92.

93.     Defendants deny the allegations set forth in Paragraph 93 of the Amended Complaint.

94.     Defendants deny the allegations set forth in Paragraph 94 of the Amended Complaint.

95.     Defendants deny the allegations set forth in Paragraph 95 of the Amended Complaint.

96.     Defendants deny the allegations set forth in Paragraph 96 of the Amended Complaint.

97.     Defendants deny the allegations set forth in Paragraph 97 of the Amended Complaint.

**D.      *COUNT 7: BREACH OF PROMPT PAYMENT STATUTE AGAINST HOMELAND, OIC, AND OIG***

98.     Paragraph 98 of the Amended Complaint does not contain any allegations and, therefore, does not require a response. To the extent a response is required, Defendants deny the allegations set forth in Paragraph 98.

99.     Defendants deny the allegations set forth in Paragraph 99 of the Amended Complaint.

100.    Defendants deny the allegations set forth in Paragraph 100 of the Amended Complaint.

101.    Defendants admit that Exhibits E and F to the Amended Complaint are copies of two letters dated March 24, 2014. Defendants aver that these letters speak for themselves. Defendants deny the remaining allegations found in Paragraph 101 of the Amended Complaint.

**E.      *COUNT 8: VIOLATIONS OF THE UNFAIR SETTLEMENT PRACTICES ACT***

102.    Paragraph 102 of the Amended Complaint does not contain any allegations and, therefore, does not require a response. To the extent a response is required, Defendants deny the allegations set forth in Paragraph 102.

103.    Defendants deny the allegations set forth in Paragraph 103 of the Amended Complaint.

**DEFENDANTS HOMELAND INSURANCE COMPANY OF NEW YORK, ONEBEACON INSURANCE GROUP, LLC, ONEBEACON INSURANCE COMPANY, ONEBEACON AMERICA INSURANCE COMPANY, AND TRADERS & GENERAL INSURANCE COMPANY'S FIRST AMENDED ANSWER AND AFFIRMATIVE AVERMENTS AND DEFENDANTS TO PLAINTIFF'S AMENDED COMPLAINT**

**Page 14 of 23**

104.    Defendants deny the allegations set forth in Paragraph 104 of the Amended Complaint.

105.    Defendants deny the allegations set forth in Paragraph 105 of the Amended Complaint.

106.    Defendants deny the allegations set forth in Paragraph 106 of the Amended Complaint.

## VI.    COUNTS PERTAINING TO INSURANCE AGENTS

### A.    COUNT 9: BREACH OF CONTRACT AGAINST TEXCAP,  ALLEN, AND AIM

107.    Paragraph 107 of the Amended Complaint does not contain any allegations and, therefore, does not require a response. To the extent a response is required, Defendants deny the allegations set forth in Paragraph 107.

108.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 108 of the Amended Complaint, and therefore deny the same.

109.    Defendants deny the allegations set forth in Paragraph 109 of the Amended Complaint.

110.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 110 of the Amended Complaint, and therefore deny the same.

111.    Defendants deny the allegations set forth in Paragraph 111 of the Amended Complaint.

112.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 112 of the Amended Complaint, and therefore deny the same.

113.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 113 of the Amended Complaint, and therefore deny the same.

114.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 114 of the Amended Complaint, and therefore deny the same.

**B.      COUNT 10: NEGLIGENCE OF TEXCAP, ALLEN, AND AIM**

115.    Paragraph 115 of the Amended Complaint does not contain any allegations and, therefore, does not require a response. To the extent a response is required, Defendants deny the allegations set forth in Paragraph 115.

116.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 116 of the Amended Complaint, and therefore deny the same.

117.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 117 of the Amended Complaint, and therefore deny the same.

118.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 118 of the Amended Complaint, and therefore deny the same.

119.    Defendants deny the allegations set forth in Paragraph 119 of the Amended Complaint as they relate to Homeland.  Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 119, and therefore deny the same.

120.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 120 of the Amended Complaint, and therefore deny the same.

121.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 121 of the Amended Complaint, and therefore deny the same.

122.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 122 of the Amended Complaint, and therefore deny the same.

**C.      COUNT 11: FRAUDULENT INDUCEMENT**

123.    Paragraph 123 of the Amended Complaint does not contain any allegations and, therefore, does not require a response. To the extent a response is required, Defendants deny the allegations set forth in Paragraph 123.

124.    Defendants deny the allegations set forth in Paragraph 124 of the Amended Complaint as they relate to Homeland.  Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 124, and therefore deny the same.

125.    Defendants deny the allegations set forth in Paragraph 125 of the Amended Complaint as they relate to Homeland.  Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 125, and therefore deny the same.

126.    Defendants deny the allegations set forth in Paragraph 126 of the Amended Complaint as they relate to Homeland.  Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 126, and therefore deny the same.

127.    Defendants deny the allegations set forth in Paragraph 127 of the Amended Complaint as they relate to Homeland.  Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 127, and therefore deny the same.

128.    Defendants deny the allegations set forth in Paragraph 128 of the Amended Complaint as they relate to Homeland.  Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 128, and therefore deny the same.

129.    Defendants deny the allegations set forth in Paragraph 129 of the Amended Complaint as they relate to Homeland.  Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 129, and therefore deny the same.

### D.      COUNT 12: NEGLIGENT MISREPRESENTATION

130.     Paragraph 130 of the Amended Complaint does not contain any allegations and, therefore, does not require a response. To the extent a response is required, Defendants deny the allegations set forth in Paragraph 130.

131.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 131 of the Amended Complaint, and therefore deny the same.

132.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 132 of the Amended Complaint, and therefore deny the same.

133.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 133 of the Amended Complaint, and therefore deny the same.

134.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 134 of the Amended Complaint, and therefore deny the same.

135.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 135 of the Amended Complaint, and therefore deny the same.

### E.      COUNT 13: TORTIOUS INTERFERENCE WITH A CONTRACT AGAINST AIM BENEFIT, OIG, AND OIC

136.     Paragraph 136 of the Amended Complaint does not contain any allegations and, therefore, does not require a response. To the extent a response is required, Defendants deny the allegations set forth in Paragraph 136.

137.     Defendants admit that Homeland issued the Policy to Plaintiff and that the Policy is a contract which speaks for itself. Defendants deny any remaining allegations set forth in Paragraph 137 of the Amended Complaint.

138.    Defendants deny the allegations set forth in Paragraph 138 of the Amended Complaint.

139.    Defendants deny the allegations set forth in Paragraph 139 of the Amended Complaint.

140.    Defendants deny the allegations set forth in Paragraph 140 of the Amended Complaint.

### D.    COUNT 14: VIOLATIONS OF DTPA AND INSURANCE CODE AGAINST ALL DEFENDANTS

141.    Paragraph 141 of the Amended Complaint does not contain any allegations and, therefore, does not require a response. To the extent a response is required, Defendants deny the allegations set forth in Paragraph 141.

142.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 142 of the Amended Complaint, and therefore deny the same.

143.    Defendants deny the allegations set forth in Paragraph 143 of the Amended Complaint.

144.    Defendants deny the allegations set forth in Paragraph 144 of the Amended Complaint.

145.    Defendants deny the allegations set forth in Paragraph 145 of the Amended Complaint.

146.    Defendants deny the allegations set forth in Paragraph 146 of the Amended Complaint.

147.    Defendants deny the allegations set forth in Paragraph 147 of the Amended Complaint.

148.     Defendants deny the allegations set forth in Paragraph 148 of the Amended Complaint.

## VII.    JURY TRIAL DEMAND

149.     Paragraph 149 of the Amended Complaint does not require Defendants to admit or deny the allegations therein. To the extent a response is required, Defendants deny the allegations set forth in Paragraph 149.

## VIII.   ATTORNEYS' FEES

150.     Defendants deny the allegations set forth in Paragraph 150 of the Amended Complaint.

## IX.    PRAYER

151.     Defendants deny that it is liable to Plaintiff on any of the claims alleged, and deny that Plaintiff is entitled to damages, statutory or punitive damages, a declaratory judgment, equitable relief, injunctive relief, attorneys' fees, costs, pre-judgment or post-judgment interest or to any relief whatsoever as pleaded in Paragraph 151 of the Amended Complaint.

**B.**
**AFFIRMATIVE AVERMENTS AND DEFENSES**

1.     Defendants deny that all conditions precedent to Plaintiff's right of recovery have been performed or occurred.

2.     Defendants allege by way of affirmative defense that Plaintiff's claims are barred by the doctrines of waiver, estoppel by contract, and estoppel by deed.

3.     Defendants allege by way of affirmative defense that Plaintiff's claims are barred and preempted by the Employee Retirement Income Security Act of 1974.

4.     Defendants further aver by way of affirmative defense that the decision to deny

Hernandez's eligibility for benefits under the Policy and the related employee benefits plan was legally correct and the decision was not the result of an abuse of discretion.

5.      Defendants allege by way of affirmative defense that Plaintiff's claims are barred pursuant to the terms of the Policy, including exclusions: (a) negating coverage for a Covered Person who was untruthful in any aspect of the required information supplied as part of the employment process and (b) negating coverage for losses arising in whole or in part from losses resulting from or occurring during the commission or attempted commission of a crime by a Covered Person.

5.      Defendants allege by way of affirmative defense that Plaintiff's claims are barred by the applicable statute of limitations.

6.      Defendants allege by way of affirmative defense that Plaintiff's claims are barred due to a failure of consideration.

7.      Defendants allege by way of affirmative defense that Plaintiff's claims are barred by fraud.

8.      Defendants allege by way of affirmative defense that Plaintiff's claims are barred by Plaintiff's voluntary payment.

9.      Defendants allege that Plaintiff has improperly joined parties in this case.

**DEFENDANTS HOMELAND INSURANCE COMPANY OF NEW YORK, ONEBEACON INSURANCE GROUP, LLC, ONEBEACON INSURANCE COMPANY, ONEBEACON AMERICA INSURANCE COMPANY, AND TRADERS & GENERAL INSURANCE COMPANY'S FIRST AMENDED ANSWER AND AFFIRMATIVE AVERMENTS AND DEFENDANTS TO PLAINTIFF'S AMENDED COMPLAINT**

**Page 21 of 23**

Respectfully submitted,

JACKSON WALKER L.L.P.

By: */s/ Christopher A. Thompson*
    **David T. Moran**
    State Bar No. 01479500
    **Christopher A. Thompson**
    State Bar No. 24002040
    **Michael F. West**
    State Bar No. 24078283
    901 Main Street, Suite 6000
    Dallas, Texas 75202
    (214) 953-6000
    (214) 953-5822 - Fax
    dmoran@jw.com
    cthompson@jw.com
    mwest@jw.com

**ATTORNEYS FOR DEFENDANTS HOMELAND INSURANCE COMPANY OF NEW YORK, ONEBEACON INSURANCE GROUP, LLC, ONEBEACON INSURANCE COMPANY, ONEBEACON AMERICA INSURANCE COMPANY, AND TRADERS & GENERAL INSURANCE COMPANY**

<u>CERTIFICATE OF SERVICE</u>

On November 17, 2014, I electronically submitted the foregoing document with the clerk of the court for the U.S. District Court, Northern District of Texas using the electronic case files system of the court, which will provide electronic notice to all parties who have entered an appearance by and through their attorney of record. I certify that service was sent to Leonardo Hernandez through his attorneys via certified mail return receipt requested and facsimile as follows:

**ATTORNEYS FOR LEONARDO**
**HERNANDEZ**
Kurt B. Arnold
State Bar No. 24036150
J. Kyle Findley
State Bar No. 24076382
Sara Scott
State Bar No. 24076382
ARNOLD & ITKIN LLP
6009 Memorial Drive
Houston, Texas  77007
(713) 222-3800 – Telephone
(713) 220-3850 – Facsimile
e-service@arnolditkin.com

By:  */s/ Christopher A. Thompson*
Christopher A. Thompson

11522846v.2

**DEFENDANTS HOMELAND INSURANCE COMPANY OF NEW YORK, ONEBEACON INSURANCE GROUP, LLC, ONEBEACON INSURANCE COMPANY, ONEBEACON AMERICA INSURANCE COMPANY, AND TRADERS & GENERAL INSURANCE COMPANY'S FIRST AMENDED ANSWER AND AFFIRMATIVE AVERMENTS AND DEFENDANTS TO PLAINTIFF'S AMENDED COMPLAINT**